IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ELAINE L. CHAO,<br>  Secretary of Labor,<br><br>         Plaintiff,<br><br>         v.<br><br>AMERICAN FEDERATION OF<br> GOVERNMENT EMPLOYEES,<br>AFL-CIO,<br><br>         Defendant. | Civil Action No. 06-0201 (JDB) |

**DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT**

Defendant American Federation of Government Employees, AFL-CIO (AFGE), moves this Court, pursuant to Federal Rule of Civil Procedure 12 (e), for an order directing the Plaintiff to state in an amended complaint which locals affiliated with AFGE are alleged to have engaged in the conduct set forth as the bases for Defendant's alleged violations of 29 U.S.C. §481. In support of this motion Defendant respectfully submits the following memorandum of points and authorities and an accompanying proposed order.

**I. FACTS**

The complaint at bar is brought under Title IV of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. §§ 481-484 ("Act"). Plaintiff seeks a

judgment declaring that the May 21, 2005 election of union officers conducted by Defendant is void and directing Defendant to conduct a new election under Plaintiff's supervision. Complaint ¶1 and page 4, prayer for relief.

As the three bases for the complaint, Plaintiff alleges that: (1) section 401 (c) of the Act was violated "when a member local failed to provide its members with a ballot correctly designating the number of delegates the local members were entitled to elect to the caucus where the delegates would elect the District 14 Vice President" (Complaint ¶15); (2) section 401 (e) of the Act was violated in that "two member locals failed to elect their caucus delegates according to their standing constitution and bylaws" (*id*. ¶16 (a)); and (3) section 401 (e) of the Act was violated in that "a member local denied its members the right to vote for delegates to the caucus where the delegates would elect the District 14 Vice President" (*id.* ¶16 (b)).

AFGE has approximately 1090 affiliated locals. Affidavit of Charles A. Hobbie, Attachment 1 ¶2. Sixty-seven locals are located in the AFGE District 14 and could have participated in the challenged election. *Id.* Thirty-nine locals actually participated through their delegates. *Id.* ¶3. Of the 39 participating locals, in a letter dated November 14, 2005 ("Nov. 14 letter") to Defendant, Plaintiff identified eight locals, by number, as all having violated various sections of the Act. Attachment 2. None was alleged to have violated section 401 (c) of the Act, as now alleged in ¶ 15 of the Complaint without identification of the actual local by number. *Id.*

Furthermore, in the Nov. 14 letter Plaintiff identified six locals by number as having violated section 401 (e) of the Act. *Id.* The complaint at bar alleges in ¶16 that three locals violated section 401 (e) of the Act without identification of the actual local

2

by number and without any indication as to whether three separate locals are alleged to have committed violations or whether the allegations of ¶16 (b) refer to one of the same locals referred to in ¶16 (a).

Finally, in the Nov. 14 letter to Defendant, Plaintiff identified two locals by number as having violated section 401 (f) of the Act, as well as one local by number as having violated section 401 (b) of the Act. *Id.* The complaint at bar alleges no violations of either section 401 (f) or section 401 (b) of the Act.

Although members of Plaintiff's staff have engaged in discussions with Defendant's staff concerning various alleged violations of the Act in the conduct of the election which is the subject of this complaint, there was no formal, written clarification by Plaintiff as to which of the eight locals identified by number in the discussions might be part of the allegations of Plaintiff's complaint. Attachment 1 ¶4.

## II. ARGUMENT

Defendant AFGE seeks an order, pursuant to Federal Rule of Civil Procedure 12 (e), requiring Plaintiff to provide a more definite statement which sets forth the identification number of the locals (e.g., Local 0000) alleged to have violated sections 401 (c) and 401 (e) of the Act, respectively. Defendant acknowledges that this type of motion is disfavored. *Direct Communications, Inc. v. Horizon Retail Construction, Inc.*, 387 F. Supp. 2d 828, 833 (N.D. Ill. 2005). Under the circumstances of the subject complaint, however, where 39 different AFGE affiliated locals participated in the challenged election and where eight locals were alleged to have committed violations in Plaintiff's only formal previous notice to Defendant of Plaintiff's concerns – Plaintiff's Nov. 14 letter (which did not mention any violation of section 401 (c) of the Act

(Attachment 2) -- Plaintiff's mere reference to "member locals" leaves Defendant to speculate which of the eight previously identified locals are referenced in the allegations of the complaint. Defendant cannot reasonably be required to frame a responsive pleading, in good faith and without prejudice to itself, based on Defendant's speculation, without knowing which three or four locals – of the eight or more locals possibly referenced -- are alleged to have committed violations.

In this regard, Rule 12 (e) of the Federal Rules of Civil Procedure provides, in pertinent part, that "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." The motion must state the defects in the pleading and the details desired. *See id.*

Defendant is not trying to use the instant motion as a substitute for discovery and, as noted above, recognizes that Rule 12 (e) motions are generally disfavored. *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959). At the same time, the Supreme Court recently noted that "[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice," then a Rule 12 (e) motion may be appropriate. *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 122 S. Ct. 992, 998 (2002).

As indicated in part I above, sixty-seven locals are located in the AFGE District 14 and could have participated in the challenged election. Attachment 1 ¶2. Thirty-nine locals actually participated through their delegates. *Id.*¶3. Of the 39 participating locals, in a letter dated November 14, 2005 ("Nov. 14 letter") to Defendant, Plaintiff identified eight locals, by number, as all having violated various sections of the Act. Attachment 2.

None was alleged to have violated section 401 (c) of the Act, as now alleged in ¶ 15 of the Complaint without identification of the actual local by number. *Id.*

Furthermore, in the Nov. 14 letter Plaintiff identified six locals by number as having violated section 401 (e) of the Act. *Id.* The complaint at bar alleges in ¶16 that three locals violated section 401 (e) of the Act without identification of the actual local by number and without any indication as to whether three separate locals are alleged to have committed violations or whether the allegations of ¶16 (b) refer to one of the same locals referred to in ¶16 (a). *Id.*

Finally, in the Nov. 14 letter to Defendant, Plaintiff identified two locals by number as having violated section 401 (f) of the Act, as well as one local by number as having violated section 401 (b) of the Act. *Id.* The complaint at bar alleges no violations of either section 401 (f) or section 401 (b) of the Act.

Although members of Plaintiff's staff have engaged in discussions with Defendant's staff concerning various alleged violations of the Act in the conduct of the election which is the subject of this complaint, there was no formal, written clarification by Plaintiff as to which of the eight locals identified by number in the discussions might ultimately be part of the allegations of Plaintiff's complaint. Attachment 1 ¶4.

As a consequence of the complaint's vague and ambiguous reference to three and possible four different locals allegedly having violated the Act, without identification of each local's number so as to identify which local is alleged to have violated the Act, and because in the discussions with Plaintiff at least eight locals were alleged by Plaintiff to have committed violations, Defendant is understandably confused and, therefore, cannot respond even with a simple denial, in good faith or without prejudice to Defendant. See

5

*Campbell v. Miller*, 836 F. Supp. 827, 832 (M.D. Fla. 1993)("A motion for a more definite statement will only be required when the pleading is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself. (citations omitted)").

### III. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this honorable Court order the Plaintiff to amend the complaint at bar to identify by local number which locals are alleged to have violated the Act.

Respectfully submitted,

/s/ Charles A. Hobbie
Charles A. Hobbie
D.C. Bar No. 283499
Deputy General Counsel

/s/ Mark D. Roth
Mark D. Roth
D.C. Bar No. 235473
General Counsel

American Federation of Government
   Employees, AFL-CIO
80 F Street, N.W.
Washington, D.C. 20001
(202) 639-6424
(202) 639-6420

Counsel for defendant

**CERTIFICATE OF SERVICE**

I hereby certify that copies of the foregoing Defendant's Motion for a More Definite Statement were sent this 24th day of February, 2006 by first-class mail, postage prepaid to the following parties:

>Peter D. Keisler
>Assistant Attorney General
>Kenneth L. Wainstein
>United States Attorney
>Laurie Weinstein
>Assistant U.S. Attorney
>Civil Division
>Judiciary Center Building
>555 Fourth Street, N.W.
>Washington, D.C.  20530


>Howard M. Radzely
>Solicitor of Labor
>Frederick Bowen, Attorney
>U.S. Department of Labor
>200 Constitution Avenue, N.W.
>Washington, D.C.  20210

>>/s/ Lauri Smith_____
>>Lauri Smith
>>Administrative Secretary
>>American Federation of Government
>>  Employees, AFL-CIO
>>80 F Street, NW
>>Washington, DC 20001
>>(202) 639-6426