IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

===================================

ELAINE L. CHAO,
     Secretary of Labor,

        Plaintiff,

     v.

AMERICAN FEDERATION OF
GOVERNMENT EMPLOYEES,

        Defendant.

Civil Action No. 06-0201 (JDB)

===================================

## CERTIFICATION OF ELECTION

The election having been conducted in the above matter under the supervision of the Secretary of Labor, United States Department of Labor, pursuant to a Stipulation of Settlement filed March 1, 2007, in the United States District Court for the District of Columbia, in accordance with the provisions of Title IV of the Labor-Management Reporting and Disclosure Act of 1959 (29 U.S.C. § 481, et seq.) and in conformity with the constitution and bylaws of the defendant labor organization, insofar as lawful and practicable, therefore:

Pursuant to Section 402(c) of the Labor-Management Reporting and Disclosure Act of 1959 (29 U.S.C. § 482(c)), and the authority delegated to me,

IT IS HEREBY CERTIFIED that the following named candidate has been duly elected to the office designated:

Dwight Bowman          District 14 National Vice President

Attached herewith is a declaration setting forth the protests concerning violations which were alleged to have occurred in the conduct of the election and the findings of the investigation of these protests.

Signed this _9th_ day of _September_, 2008.

_Patricia Fox_

Patricia Fox, Acting Chief
Division of Enforcement
Office of Labor-Management Standards
Employment Standards Administration
U.S. Department of Labor

## DECLARATION OF PATRICIA FOX

City of Washington          )
                            )    SS
District of Columbia        )

I, Patricia Fox, declare as follows:

I am the Acting Chief of the Division of Enforcement, Office of Labor-Management Standards (OLMS), United States Department of Labor (Department). I caused an investigation to be made into the protests concerning violations of the Labor-Management Reporting and Disclosure Act of 1959 (Act or LMRDA), alleged to have occurred during the election of the National Vice President ("NVP") of District 14 of the American Federation of Government Employees ("AFGE") concluded on May 17, 2008. The election was conducted under the supervision of the Department pursuant to a settlement agreement between the Department and the AFGE which was filed in the United States District Court for the District of Columbia on March 1, 2007.

The Department received three pre-election protests and one post-election with several allegations from a member in good standing of the AFGE concerning the conduct of the supervised election.

Allegation:

The complainant alleged that union funds were used to promote the candidacy of the incumbent District 14 NVP, Dwight Bowman, when Bowman purchased a table at three separate union dinners and invited local officers and delegates to attend.

Answer:

The investigation, which included interviews with several AFGE officers, indicated it is a common practice for an AFGE national officer to sponsor a table at such events. It is also common for the officers to invite local officers and members or AFGE staff to attend. Interviews with officers and members who attended the dinners failed to uncover any evidence that Bowman campaigned at the dinners. The purchasing of a table at these dinners, therefore, appears to have been the use of union funds to conduct regular union business and did not promote the candidacy of any candidate. No violation occurred.

Allegation:

The complainant alleged that Bowman used union funds to promote his candidacy when an article appeared in the January/February issue of the union newsletter, *The Government Standard*, which contained a sentence that mentioned Bowman.

Answer:

The investigation, which included a review of the article in question, established that the article was a factual account, which only mentioned Bowman in passing and did not promote or endorse Bowman for office. The investigation also revealed that the

2

September/October issue of *The Government Standard* contained an entire article on the complainant. Neither article violated the LMRDA as neither promoted the candidacy of any candidate. No violation occurred.

Allegation:

The complainant alleged that the AFGE spent union funds to sponsor an April 2008 membership drive that promoted Bowman's candidacy.

Answer:

The investigation uncovered no evidence that Bowman campaigned at the April 2008 event. Indeed, the complainant admitted he did not know of any instance when Bowman campaigned at the event. Instead, the event appears to have been used for the legitimate union purpose of attempting to increase AFGE membership. No violation occurred.

Allegation:

The complainant alleged that Bowman used the membership numbers of the complainant's local, Local 476, during a debate. The complainant claims Bowman could only have had access to these numbers through his position as District 14 NVP.

Answer:

As a federal government union, Local 476 is required to file an annual LM report, which contains annual membership numbers. The numbers used in the debate were numbers

3

that were available through the LM reports. Therefore, the information used in the debate was public information. No violation occurred.

Allegation:

The complainant alleged that union funds were used to promote Bowman when Bowman was allowed to introduce Donna Edwards at an AFGE political action committee (PAC) event.

Answer:

In his interview with OLMS, the complainant admitted that Bowman did not discuss the District 14 NVP election or his campaign at the PAC event. Also, when asked to speak with Bowman about the introduction, the complainant refused to do so. Investigation failed to uncover any evidence that Bowman campaigned during his introduction of Edwards. No violation occurred.

Allegation:

The complainant alleged that the AFGE failed to provide adequate safeguards to insure a fair election because he was not allowed to appoint a member of the credentials committee.

Answer:

The investigation indicated that the complainant removed his appointee to the credentials committee, Tom Murphy, in a May 15, 2008 email to Murphy and the Election

4

Supervisor. In any event, the credentials committee did not have any say as to which delegates voted during the caucus election because the Department of Labor was supervising the election and reviewing the credentials of each delegate. In addition, representatives of the Department were at the credentials committee table and indicated that no member of the committee campaigned while delegates were being registered. No violation occurred.

Allegation:

The complainant alleged that Local 1975 automatically paid the dues of all retired members and converted them to retiree member status. This practice inflated the voting strength of the local.

Answer:

The investigation confirmed that Local 1975 does automatically convert retired members to retiree members by paying their retiree dues. This practice also acts to inflate the voting strength of the local. To the extent this practice can be construed as a violation of the LMRDA or the AFGE constitution, it could not have affected the outcome of the election. The practice in Local 1975 would have only inflated its voting strength slightly and could not have changed the outcome of the election for NVP which Bowman won by 4620 delegate votes.

5

Allegation:

The complainant alleged that eligible members were denied the right to vote because the President of Local 1000 did not receive his credentials and left before he voted.

Answer:

The investigation, which included interviews with members who were at the caucus including officials who were in charge of registering delegates, indicated that the local President was present at the caucus but did not present himself to the credentials committee to register and receive his credentials. If he had, he would have been allowed to vote. No violation occurred.

Allegation:

The complainant alleged that Bowman controlled certain aspects of the election of the Local 2978 delegates, such as the decision to use a manual ballot during the election, and that this allowed a pro-Bowman delegate to win the local election.

Answer:

The Department of Labor supervised the election of the Local 2978 officers and delegates pursuant to the March 1, 2007 settlement agreement and made all of the election decisions regarding how the local election would be held. The Department sent copies of certain emails concerning the local election to Bowman, but he had no input into any of the final election decisions. These decisions were made by the Department of Labor.

6

None of the decisions regarding the Local 2978 election of delegates violated the

LMRDA.  No violation occurred.

Allegation:

The complainant alleged that the appointment of Alex Bastani as acting caucus chair

favored Bowman in the election for NVP.

Answer:

The role of the acting caucus chair was discussed and agreed upon by the complainant

and Bowman at the candidates' meeting before the election.  In any event, the acting

caucus chair did nothing to promote either Bowman or the complainant.  No violation

occurred.

Allegation:

The complainant alleged that the AFGE provided food for the delegates during the

caucus, but delegates may have been led to believe that Bowman provided the food and

thus were more likely to vote for Bowman.

Answer:

The Department of Labor approved the request by the AFGE to provide food for the

delegates so long as an announcement that did not favor either candidate was made by the

caucus chair, Alex Bastani.  While the complainant claims the caucus chair referred to the

food as being in a "hospitality suite" or "hospitality room" in such a way that it might

7

favor Bowman, Bastani himself does not recall any such reference. The Department representatives who were present during the caucus did not hear Bastani say anything that favored or promoted Bowman.   In addition, nothing in or around the room would have made it appear that it was a hospitality suite for either candidate.  No violation occurred.

Allegation:

The complainant alleged that the hotel favored Bowman when Bowman rented two large (400 square feet) hospitality suites and that this left the complainant with only a smaller (200 square feet) hospitality suite.

Answer:

The investigation confirmed that Bowman rented two large suites, one for his campaign, the other for two other incumbent officers.  The investigation failed to uncover any evidence that the rooms were rented on anything other than a "first-come, first-serve" basis or that the hotel favored one candidate over another in the renting of the rooms. The hotel made the smaller suite available to the complainant, but he refused it.  The complainant used his hotel room as his hospitality suite.  No violation occurred.

Allegation:

The complainant alleged that he did not know that there would be no registration for the caucus on Friday, May 16, 2008.  Had he known, the complainant claimed he would have arranged a party for his campaign on that evening.

8

Answer:

The investigation, which included a review of all election records and notices, established that the election notice clearly stated that the District 14 caucus would begin on Saturday, May 17, 2008 at 9:00 a.m. No violation occurred.

Allegation:

The complainant alleged that Bowman may have used employer funds to promote his candidacy by using the government email system to invite delegates to his campaign party.

Answer:

The investigation, which included interviews with Bowman and other members, indicated that Bowman did not use the government email system. Bowman used his home computer and a personal email list from which he was careful to delete any government email addresses. Interviews with members also indicated that they did not receive the invitation at their government computers but rather by personal invitation from Bowman or from others by word of mouth. No violation occurred.

I declare under penalty or perjury that the foregoing is true and correct. Executed on this

9

9th day of September 2008, in the City of Washington, District of Columbia.

_Patricia Fox_

Patricia Fox
Acting Chief, Division of Enforcement
Office of Labor-Management Standards
Employment Standards Administration
United States Department of Labor

10